FRED J. JACKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket No. 9372-72.
United States Tax Court
T.C. Memo 1975-24; 1975 Tax Ct. Memo LEXIS 346; 34 T.C.M. (CCH) 114; T.C.M. (RIA) 750024; February 11, 1975, Filed *346 Petitioner deducted $8,000 as a business loss for the foreclosure of a deed of trust on his house. Held: that petitioner is not entitled to the claimed loss because it was personal in nature. Fred J. Jackson, pro se. Bill D. McDaniel, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1970 in the amount of $1,616.94. The only issue for decision is whether petitioner is entitled to a business *347 loss for the foreclosure of a trust deed on his house. Petitioner does not contest other adjustments proposed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Fred J. Jackson, was a resident of Lake View Terrace, Calif., at the time the petition herein was filed. Petitioner filed a joint Federal income tax return for the year 1970 with the district director of internal revenue, Los Angeles, Calif.
Petitioner and his wife purchased a house (hereafter the Moorehaven property) in Gardena, Calif., during November 1965. The house contained four or five bedrooms, a kitchen, living room, dining room, recreation room and two bathrooms. The purchase price consisted of a $1,000 cash payment, a first deed of trust in the amount of $21,000 and a second deed of trust in the amount of $4,000. In 1970 one of the deeds of trust on the Moorehaven property was foreclosed because petitioner was in arrears on his monthly payments. Petitioner and his family had moved out of the Moorehaven property prior to foreclosure because it had been anticipated. Petitioner started Jaybow Records in 1967. It was his intention at that time to begin *348 recording music on the Jaybow label. Petitioner would locate individuals interested in recording and, after rehearsing a particular song, rent a recording studio at the rate of $100 per hour to make a record. When a record was completed petitioner would send it to radio stations in the hope that they would play it. In addition petitioner staged programs featuring his artists which were "aired" over various radio stations. Jaybow Records was not a financial success. Petitioner claimed business losses of $2,071.68 and $2,688.72 on his Federal income tax returns for 1967 and 1968, respectively. Petitioner did not claim any deductions or report any income with respect to Jaybow in 1969. During the years 1967 through 1970 petitioner was employed by the Los Angeles Department of Public Social Services. His salary ranged in amount from $11,046 to $14,031. During those same years petitioner supported his wife and four children. He also supported his sister-in-law during 1969. Petitioner claimed a business loss in the amount of $8,000 under section 165(c)(1) [1] for 1970 due to the foreclosure of the deed of trust on the Moorehaven property. Respondent disallowed the claimed deduction *349 on the basis that the foreclosure was of petitioner's personal property. OPINION A foreclosure has the same effect as a "sale or exchange" for purposes of the law of taxation. . In order for the loss from a sale or exchange of property to be deductible the petitioner must prove that the loss was not personal, but was either "incurred in a trade or business" or "in any transaction entered into for profit." , affd. (C.A. 2, 1962). Petitioner maintains that the Moorehaven property was used in his recording business and that he is, therefore, entitled to a business loss due to the foreclosure. During the trial petitioner testified that his house served as the headquarters for Jaybow and that all business relating to Jaybow was conducted at the Moorehaven property. He stated, in addition, that rehearsals were conducted there and that he allowed recording artists to stay at the house as part of their compensation. Petitioner's testimony was quite general, *350 however, and he provided no basis for making a determination as to what portion of the house was used for business purposes during 1967 and 1968. He testified that his four children occupied one bedroom, that he and his wife occupied another, and that his sister-in-law and her son lived with petitioner's family. He also stated that his family and visiting artists had access to all parts of the house. Thus the business use and personal use of the house were inseparable. Petitioner has not persuaded us, moreover, that Jaybow continued beyond 1968. While he stated that he would have taken any deduction which was to his advantage, he did not claim any business deductions for 1969 or 1970, except for the deduction in issue. Nor did he present any evidence to indicate that Jaybow had continued beyond 1968. It is clear, in our view, that petitioner was unable to continue Jaybow beyond 1968 because it had become too great a financial burden for an individual with his salary and responsibilities. We hold, accordingly, that the Moorehaven property reverted to an exclusively personal use by 1969 and that the loss incurred was personal and, therefore, not deductible under section 262. See *351 (C.A. 2, 1941). In view of the foregoing, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩